**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**NORTHERN HEALTHCARE CAPITAL, LLC**                    **PLAINTIFF**

**V.**                                           **CAUSE NO. 1:09-CV-267-SA-JAD**

**BRANDYWINE HEALTH SERVICES OF
MISSISSIPPI, INC., D/B/A CHOCTAW COUNTY
MEDICAL CENTER, AND JEFFREY MORSE**                    **DEFENDANTS**

<u>**ORDER**</u>

Currently before the Court is Plaintiff's Motion for Temporary Restraining Order and/or

Preliminary Injunction [2]. For the reasons stated below, the motion is denied in part.

Plaintiff alleges that it entered into a security agreement with Defendant Brandywine which

set out terms and conditions governing Plaintiff's provision of financing for Brandywine's

operations. Plaintiff further alleges that it perfected its security interest by filing UCC financing

statements. Plaintiff alleges that Defendant Morse executed a personal guaranty agreement in which

he agreed to compensate Plaintiff for any losses resulting from Brandywine's breach of duties.

According to Plaintiff's Complaint, Brandywine has breached the security agreement by

diverting accounts receivable to a general operating account that is not set out within the terms and

conditions of the agreement. Plaintiff further alleges that Brandywine has breached the security

agreement by diverting funds owed to Plaintiff and paid into a governmental lock box account to

third parties. Finally, Plaintiff alleges that Brandywine has breached the security agreement by

failing to pay payroll taxes and allowing a tax lien to be filed against it. Plaintiff asks that the Court

enter an order that Brandywine's operating account at Regions bank be frozen, that all funds paid

into the governmental lock box account be paid to Plaintiff according to the terms of the security

agreement, and that Brandywine be enjoined from diverting funds paid into the governmental lock-

box to third parties and from directing funds into accounts not approved by the security agreement.

To prevail on a motion for a temporary restraining order, a plaintiff must show (1) a substantial likelihood of success on the merits, (2) a substantial threat that he will suffer irreparable injury if the temporary restraining order is denied, (3) his threatened injury if the temporary restraining order is denied outweighs any harm that will result if the temporary restraining order is granted, and (4) granting the temporary restraining order will not disserve the public interest. Speaks v. Kruse, 445 F.3d 396, 399-400 (5th Cir. 2006); Thacker v. Prentiss County Sch. Dist., 2009 U.S. Dist. LEXIS 55820, *3-*4 (N.D. Miss. Feb. 26, 2009).

The second requirement of the above analysis requires a showing that (1) the harm to the plaintiff is imminent; (2) the injury would be irreparable; and (3) the plaintiff has no other adequate legal remedy. See Chacon v. Granata, 515 F.2d 922, 925 (5th Cir. 1975). "It is not so much the magnitude of the harm claimed by Plaintiff but the irreparability that counts for purposes of a [temporary restraining order]." Canal Authority of Florida v. Callaway, 489 F.2d 567, 575 (5th Cir. 1974). An injury is not irreparable if it can be undone through monetary relief. Paulsson Geophysical Servs. v. Sigmar, 529 F.3d 303, 312 (5th Cir. 2008); DFW Metro Line Servs. v. Sw. Bell Tel. Co., 901 F.2d 1267, 1269 (5th Cir. 1990); Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472-73 (5th Cir. 1985).

In the present case, Plaintiff argues that it is unlikely to be able to collect on Brandywine's debt because of the federal tax lien, which Plaintiff alleges is "likely" to prime the security interest. These allegations are not sufficient to show a substantial threat of irreparable injury. The Plaintiff has a personal guaranty from Defendant Morse. Therefore, Plaintiff may have other adequate legal remedy. Further, the potential injury in this case can be undone through monetary relief, and, as a

result, it is not irreparable.

For the reasons stated above, the Plaintiff's Motion for a Temporary Restraining Order is denied.  The Court will issue a notice as to the date of a hearing to address Plaintiff's Motion for Preliminary Injunction.

So ordered on this, the 3rd day of November, 2009.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**